SO ORDERED: March 06, 2008.



Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DARRELL JOHN KREITZER | ) | CASE NO. 04-3095-AJM-7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| NATIONAL CITY BANK, INDIANA | ) | |
| F/K/A MERCHANTS NATIONAL BANK | ) | |
| TRUST COMPANY OF INDIANAPOLIS | ) | |
| | ) | Adversary Proceeding |
| vs. | ) | No. 06-50663 |
| | ) | |
| DARRELL JOHN KREITZER A/K/A | ) | |
| PAUL C. KREUTZER | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on February 8, 2008 upon the Plaintiff's Motion for Summary Judgment filed on November 20, 2007. For the reasons stated below the Courts finds there are genuine issues of material fact which preclude

1

the grant of summary judgment in favor of the Plaintiff.

### *Background*

The Defendant ("Debtor") filed his chapter 7 case on February 27, 2004 (the "Chapter 7 Petition Date") and received a discharge of his debts on June 10, 2004. The case was closed on June 23, 2004. On December 21 and 23, 1996, more than seven years before the Chapter 7 Petition Date, the Debtor wrote two checks drawn on NBD Bank N.A. collectively in the amount of $3515.00 and made payable to Matthew Olson ("Olson"). Olson presented these checks for payment at National City Bank, Indiana. (hereinafter referred to as "National City Bank") and deposited them in an account held at National City Bank. National City credited his account for the amount of the checks. Olson withdrew the monies credited to his account. The checks were dishonored and returned to National City Bank, Indiana unpaid.

In May 1998, National City Bank sued the Debtor and Olson in state court. The complaint was filed against "Paul C. Kreutzer" and alleged that National City Bank negotiated the checks and presented them for payment but that the checks were not paid and that the Debtor and Olson had failed to redeem the checks. The prayer sought damages of $3515.00 "plus statutory damages", and fees and costs. The complaint contained no allegations of fraud and cited no statute so as to identify the type of "statutory damages" referred to in the prayer. National City Bank obtained a default judgment in the amount of $11, 045.00 on July 23, 1998, $3515.00 of which was principal, $7030.00 of which was "statutory" damages (again, failing to refer to the specific statute which allowed double the principal damages) and $500 of which was attorneys fees. The default judgment mirrored the language of the complaint and made

2

no finding of fraud. Furthermore, the Debtor had legally changed his name to "Zachary Nathan Kreutzer" in April, 1997, a little over a year before National City Bank filed its complaint.

The Debtor filed a chapter 13 case on March 5, 2003 under the name "Paul Christian Kreutzer a/k/a Darrell John Kreitzer" an listed National City Bank as a creditor. That chapter 13 case was on August 12, 2005 for failure to make payments under the confirmed plan to the trustee. While the Chapter 13 case was pending, the Debtor filed this Chapter 7 case under the name "Darrell John Kreitzer" but did not list National City Bank as a creditor. The Debtor received a chapter 7 discharge on June 10, 2004 but moved to reopen the case on September 21, 2006 to add National City Bank as a creditor. The case was reopened and National City Bank filed this adversary proceeding on December 5, 2006.

## *Discussion*

National City Bank's two count amended complaint filed on August 13, 2007 seeks nondischargeability under 11 U.S.C. §523(a)(2) and in the alternative seeks revocation of the Debtor's discharge under 11 U.S.C. §727(d)(1).

## *Revocation of Discharge - §727(d)(1)*

The Court can dispose of the revocation of discharge count in brief fashion. 11 U.S.C. §727 (d)(1) allows a trustee, creditor or the United States Trustee to seek revocation of a debtor's discharge if the discharge was obtained through fraud of the debtor and the requesting party did not know of such fraud until after the discharge was granted. However, 11 U.S.C. §727(e) provides the time limits within which a complaint to revoke a discharge must be brought. If the basis for revocation is the debtor's fraud

3

(as is the case here), the requesting party must bring the action for revocation of discharge within a year after the discharge is entered under §727(e)(1).

The §727 count was added with the amended complaint filed in August, 2007 and therefore was brought three years after the entry of discharge, outside the time limit prescribed in §727(e)(1). Perhaps the one year period is equitably tolled and starts to run when the party seeking revocation *discovers* the fraud, but National City Bank has not argued this and the cases suggest otherwise. See, *In re Dolliver*, 255 B.R. 251, 256-57 (Bankr. D. Me, 2000); *In re Bevis*, 242 B.R. 805, 808-810 (Bankr. N. H. , 1999). Nonetheless, there exists a genuine issue of material fact as to whether National City Bank's §727(d)(1) count was filed outside the one year period described in §727(e)(1). Thus, National City Bank is not entitled to summary judgment on its revocation of discharge count under §727(d)(1).

### *Fraud under §523(a)(2)*

### *Preclusive Effect of State Court Default Judgment*

National City Bank contends that its default judgment against the Debtor sets forth adequate information to support a finding of fraud under §523(a)(2) and should be given res judicata effect. "Res judicata" is divided into two categories: claim preclusion (where a final judgment on the merits in a previous action completely bars a subsequent action on the *same claim* between the same parties or their privies) and issue preclusion (where the causes of action are not the same, but where relitigation of the *same fact* that was adjudicated in a prior action is barred). If claim preclusion applies, all matters that were or *might have been litigated* are deemed conclusively

4

decided by the judgment in the former action. *Perry v. Gulf Stream Coach, Inc.*, 871 N.E. 2d 1038, 1048 (Ind. Ct. App. 2007). [1]

Here, the previous state court action upon which default judgment was obtained involved the writing of a bad check but failed to allege fraud. The current action involves a determination of nondischargeability based on a debt for money obtained by fraud. Although both types of claims may share common elements, National City is not bringing the same claim against the Debtor in this action as it did in the former state court action and therefore claim preclusion does not apply.

### *Issue Preclusion (Collateral Estoppel)*

If preclusive effect is to be given the default judgment, then, it is under the doctrine of issue preclusion. Issue preclusion is also known as collateral estoppel and it bars subsequent litigation of a fact that was adjudicated in a former action that also is presented in the current action. *Bartle v. Health Quest Realty VII*, 768 N.E. 2d 912, 917 (Ind. Ct. App. 2002). "Offensive" collateral estoppel is where a plaintiff seeks to foreclose the defendant from litigating an issue the defendant had previously litigated unsuccessfully in an action with another party. "Defensive" collateral estoppel is where the defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff previously litigated and lost. Both offensive and defensive collateral estoppel require that the issue to be foreclosed in the current action be "previously litigated" or "adjudicated" in the former action and the previous "adjudication" is conclusive only as to those issues that were actually litigated and determined therein. *Bartle,* 768 N.E. 2d

---

[1] Note that some cases define "res judicata" as only "claim preclusion". See, *In re Harper*, 146 B.R. 438, 442 (Bankr. N. D. Ind. 1992).

at 917; *Insurance Co. of North America v. Home Loan Corp.*, 862 N.E. 2d 1230, 1233 (Ind. Ct. App. 2007); *Eichenberger v. Eichenberger*, 743 N.E.2d 370 (Ind. Ct. App. 2001). National City Bank attempts to employ offensive collateral estoppel to prevent the Debtor from relitigating issues decided by the default judgment that are germane to this nondischargeability action.

A default judgment is a judgment on the merits under Indiana law for purposes of res judicata (both issue preclusion and claim preclusion), see *Eichenberger,* 743 N.E.2d at 374. Whether an issue decided by default judgment in a prior action counts as a full adjudication of that issue for purposes of the current action is a different matter. National City Bank cites the *Catt* case which held that a default judgment indeed was given collateral estoppel effect. *In re Catt*, 368 F. 3d 789 (7th Cir. 2004). However, in *Catt*, the entry of default judgment in the prior action contained findings of fraud and a judgment in fraud had been awarded to the Hashes on their counterclaim against Catt. So, it was Catt who initiated an action against the Hashes and who participated in the litigation up to the point where his attorney withdrew representation-- on the brink of trial at which Catt failed to appear. The Hashes appeared for trial and presented testimony. After the brief "trial", the Hashes' attorney submitted barebones findings and conclusions which became the underlying judgment. The Seventh Circuit gave the prior default judgment collateral estoppel effect because, first, it was not a "pure" default judgment, and second, because Catt should not have been allowed to "end-run" the finality of the judgment simply by failing to show for trial. Catt participated in the litigation and had no reasonable ground to believe that the trial would not be held

merely because his attorney withdrew; Catt knew that a trial was scheduled and could have requested a continuance.  368 F.3d at 792.  But nothing in the Court's reading of *Catt* suggests that a "pure" default judgment with absolutely no participation by the defendant in a prior action is equally entitled to collateral estoppel effect. See, *Porter's South Shore Cleaners, Inc. v. State, et al*, 512 N.E.2d 895, 898 (Ind. Tax., 1987).

      Here, nothing in the record suggests that the Debtor responded, answered or otherwise participated in the state court action.  In fact, the action was filed against "Paul C. Kreutzer" and, by that point, the Debtor's legal name was "Zachary Nathan Kreutzer".  Furthermore, the summons and complaint was served upon "Paul C. Kreutzer c/o SCSD", at the Spencer County Sheriff's Department.  Although there is a return of summons that indicates the Debtor was served with the complaint, the fact remains that he did not participate in the prior state court action.

      Even if the state court default judgment here were entitled to collateral estoppel effect, it fails to contain the elements needed to prove nondischargeability under §523(a)(2).  A claim under this section requires proof that (1) the debtor made false representations; (2) that the debtor knew to be false at the time they were made; (3) with the intention of deceiving the creditor; (4) and that the creditor relied on such representations and (5) sustained injury as a proximate result.  *In re Beza,* 310 B.R. 432, 435 (Bankr. W. D. Mo. 2004).  The default judgment contained perfunctory statements of how the defendants had been served but failed to appear, and that National City Bank was entitled to recover damages and "statutory" damages from the defendants, but contained no findings of fraud or false representations.  The complaint itself failed to allege fraud, and contained no statutory cite that would have put the

7

Debtor on notice that National City Bank was seeking damages based on the Debtor's fraud. With these essential elements of §523(a)(2) absent from the default judgment, it is hard to see how National City Bank is entitled to summary judgment.

### *Order*

The Court finds that there are genuine issues of material fact as to whether the default judgment should be given collateral estoppel effect and, if so, whether it contains findings sufficient for a determination of nondischargeability under §523(a)(2). Accordingly, National City Bank's motion for summary judgment is DENIED.

### # # #

Distribution:

William Limeberry, Attorney for National City Bank
Richard Batesky, Attorney for Darrell John Kreitzer
Case Trustee
United States Trustee